## LEWIS, Auditor v BALL

Ohio Appeals, 1st Dist, Warren Co
No 147. Decided Feb. 24, 1930

Howard W. Ivins, Lebanon, for Lewis.
Maple & Maple, Lebanon, for Ball.

HAMILTON, J.

The quetsion therefore turns on whether or not a Board of Trustees of Public Affairs of a Village, which manages, controls, and conducts the water works, electric light and artificial gas plant of the Village, can perfect a lien upon the premises to which the same have been furnished, by certification to the Auditor of the amount so furnished, under favor of **4361 GC.?**

If, under **4361 GC,** the trustees of Public Affairs can create a lien on real estate to collect rental for light and gas furnished to said premises, whether used by the owner or other persons in possession, the demurrer to the answer should have been overruled.

It is argued that to enforce the payment of the claim through tax collection as a lien upon the premises would violate the constitutional rights of the plaintiff.

It is the law that statutes should be given effect, if possible. If the facts are as alleged in the amended petition, the placing of the claim upon the tax duplicate against the property of the plaintiff would violate her constitutional rights. This plaintiff was not the owner of the premises sought to be subjected to the payment of the claim through the process of tax collection at the time the rentals accrued except a small part thereof. The facts as shown by the petition are, that she became the owner on July 14, 1924. The certification was made on February 13, 1929. Substantially all of the claim had accrued prior to the plaintiff becoming seized of the property as the owner. Further, at no time was notice given of any claim of the kind in question, or the intention to certify the same to the auditor.

While the statute does not provide for the giving of notice of such intention, it is provided in the statutes in all other cases of assessment or taxation that notice shall be given either personally or by publication, and it had been held under these sections

that the failure to give notice, either personally or by publication, is fatal to any assessment. Notices are required to preserve constitutional rights.

In line with those provisions of the statutes and the decisions, we are of opinion that no lien could be created as against the plaintiff without the giving of notice of the claim and the intention to certify. On the question of the lien and of notice, the case of **Western Reserve Steel Co., et al v. Village of Cuyahoga Heights, et al., 118 Oh St., 544, at page 547,** is illuminating. This case grew out of an attempt to enforce the payment of back water rents by refusing to turn on water for the benefit of the new owner. On page 547, the court said:

"Neither the city nor the village, prior to the purchase of the premises by the plaintiffs in error, had asserted or perfected a lien upon the premises for the unpaid water rent of the Hunter Crucible Steel Company, and no lien upon the premises had been created by contract, and, unless such unpaid water rent became a lien upon the premises by operation of law, no lien existed.

"The plaintiffs in error, prior to the purchase of said premises and prior to their contract between themselves, had no notice or knowledge that the Hunter Crucible Steel Company had not paid for the water used by it upon the premises."

And the Court in that case held that, the provision in the contract which provided that if the City (which furnished the water under contract to the Village) should turn on the water without notice, the claim of the City would be null and void, and that the provision was unreasonably discriminatory, and violated sections 2 and 19 of Article I of the Constitution of Ohio, and the "due process" provision of the Constitution of the United States, and, in so far as it attempted to subject the property of a subsequent owner to the payment of an indebtedness of a prior owner without the perfection of a lien thereon, is void, and granted a mandatory injunction, requiring the water service to be given.

So it will be observed that in the decision in the case of Steel Co. v. Village of Cuyahoga Heights, supra, the Supreme Court recognized that a lien for water rents, in this case, light and gas rents, could be created by a Board of Trustees of Public Affairs, but that if such lien were not perfected at the time the property passed into the possession of a subsequent purchaser, that no lien could thereafter be created upon such premises, and, further indicates that notice was necessary. This decision further holds that the mere accumulation of unpaid bills for water rent, in this case, gas and light does not become a lien upon the premises by operation of law, but requires a perfecting of the lien by the Board of Trustees by certification.

The petition in the instant case states that the plaintiff was a non-resident of the State of Ohio, and that she had no notice or opportunity to be heard with reference to the claim, pleads the bar of the statute, sets up the defense that she became the owner after the rentals in question had accumulated, and other matters.

The answer claims repeated demands upon the owner of the premises, or upon the occupant thereof.

This indicates disputed questions of fact, put in issue by the petition and the answer. The answer, therefore, presented a defense, and the court erred in sustaining a demurrer thereto.

While reversing the judgment, for error in the sustaining of the demurrer to the answer, it may be well to state that under the law there can be no perfecting of a lien for any claim arising prior to the taking of the title by the plaintiff on April 14, 1924.

The judgment will be reversed, and the cause remanded for further proceedings according to law.

Cushing, PJ, and Ross, J, concur.